UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24247-BLOOM/Reid

CHRISTIAN M. OLIVER GONZALEZ,

    Plaintiff,

v.

CELEBRITY CRUISE LINES INC.,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendant Celebrity Cruises, Inc.'s ("Defendant") Motion to Dismiss. ECF No. [14] ("Motion"). Plaintiff Christian Oliver Gonzalez ("Plaintiff") filed a Response in Opposition, ECF No. [16] ("Response"), to which Defendants filed a Notice of Electronic Filing containing a declaration and an exhibit, ECF No. [17], and a Reply in Support of its Motion to Dismiss Complaint, ECF No. [19] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons, the Motion is granted.

    **I.**    **BACKGROUND**

On December 28, 2022, Plaintiff filed his Complaint against Defendant, alleging violations of the Jones Act, 46 U.S.C. § 30104, and the General Maritime Laws of the United States, asserting one Count of Unseaworthiness. ECF No. [1] at 1. Plaintiff was employed by Caribbean Staffing Solutions as an independent contractor on a voyage-to-voyage basis under the personnel position of an "Art Steward." ECF No. [17-2] at 1; ECF No. [19-1] at 25. Plaintiff demands a trial by jury

and is suing for actual and compensatory damages, prejudgment and post-judgment interest. ECF No. [1] at 11.

As alleged in the Complaint, Plaintiff, a citizen of Panama, was a seaman and crew member aboard the *MV Celebrity Beyond* from March 2022 to September 5, 2022. *Id* ¶ 4.[1] The vessel was owned by Defendant and Plaintiff was employed as an "Art Steward." ECF No. [1] ¶ 5. Defendant is a foreign for-profit corporation, with its principal place of business located at 1050 Caribbean Way, Miami, Miami-Dade County, Florida 33132. *Id.* at 1.

Plaintiff's work required him to lift and carry heavy items, boxes, sculptures, and paintings at a "fast pace." *Id.* ¶ 5. On August 27, 2022, Plaintiff was ordered to clean areas and transport items for "Art Auctions." *Id.* ¶ 31. Upon completing those tasks, Plaintiff experienced an extremely sharp and acute pain in his lumbar spine and numbness and tingling of his fingers. *Id.* On August 29, 2022, Plaintiff was "signed off" the vessel and evaluated by an orthopedic specialist in Florence, Italy. *Id.* ¶ 35. Despite signs of herniation in his spine and a pending medical order paid by Defendant's shoreside specialist selected, Plaintiff alleges that his medical needs have been ignored by Defendant. *Id.* ¶ 36. Since then, Plaintiff was "repatriat[ed] to Panama," where he repeatedly requested medical treatment from Defendant and ultimately served Defendant with a demand "for maintenance and cure treatment" on October 15, 2022. *Id.* ¶¶ 37-39.

On April 19, 2023, Defendant filed its Motion to Dismiss and contends that, pursuant to a valid forum-selection clause in an Independent Contractor Agreement ("ICA") between Plaintiff and Caribbean Staffing Solutions, this action should be dismissed for *forum non conveniens*. ECF No. [14] at 5. Specifically, Defendant argues that a forum-selection clause mandates the Turks and Caicos Islands as the proper venue for all arbitration related to the ICA. *Id.* at 5-6. Attached to the

---

[1] The complaint contains two paragraphs that are labeled as paragraph 4.

Motion is a Declaration from Lisa Pinder Phillips'[2] ("Phillips"), dated April 19, 2023, who states that Caribbean Staffing Solutions is a company based in the Turks and Caicos Islands and provides the services of art auction personnel to cruise ships outside of Florida in international waters, including Defendant Celebrity Cruises, Inc. ECF No. [14-1] ¶¶ 6, 7. Defendant attaches portions of the ICA, dated March 14, 2021. *See* ECF No. [14-1].

On May 10, 2023, Plaintiff filed its Response, asserting that Defendant has not met its burden in showing that a valid and enforceable maritime service contract exists, an adequate alternative forum is available, or that the balance of interests favors dismissal. *See* ECF No. [16] at 1. Defendant then gave notice of filing the Declaration of Yvette Van Bylevelt, attaching a twenty-page copy of the ICA that contains pages with signatures, including a page that executes the ICA and includes the signatures of Plaintiff, a representative of Caribbean Staffing Solutions, and two witnesses. *See generally* ECF No. [17]; ECF No. [17-1]; ECF No. [17-2]; ECF No. [19-1].[3]

The ICA contains the following forum-selection provision:

18. ARBITRATION, JURISDICTION AND VENUE.

A. A. [sic] Any controversy, claim, or dispute arising out of, or relating to, this Agreement, or arising out of IC's service on any cruise line . . . shall be settled by arbitration administered by the arbitrator. . . . The arbitration shall be held in Providenciales, Turks and Caicos Islands[.]

---

[2] Phillips serves as Director of Caribbean Staffing Solutions. ECF No. [14-1] at ¶ 1.

[3] In its Reply, Defendant represents that a complete copy of the ICA was not attached to the Motion due to a filing error. ECF No. [19] at 2 n.2. Defendant further represents it filed a fully executed copy of the ICA at ECF No. [17-2] and attached another copy of the fully executed ICA to the May 17, 2023 Declaration of Lisa Pinder Phillips, ECF No. [19-1]. ECF No. [19] at 2 n.2. The Court's review of both copies confirms the copy at ECF No. [19-1] is a duplicate of the copy at ECF No. [17-2]. Regardless, the Court hereafter cites to both copies of the executed ICA.

ECF No. [17-2] at 14-15; ECF No. [19-1] at 38-39. Furthermore, the ICA contains provisions for certain rights relating to its termination:

> 4. TERMINATION
>
> A. This Agreement shall automatically renew from voyage-to-voyage unless terminated by one of the following: the death of the IC . . . . the disability of the IC . . . . the termination of the IC's services by the Company for cause . . . . the termination of IC's services by notice of nonrenewal . . . . [or] for compassionate reasons[.]

ECF No. [17-2] at 14-15; ECF No. [19-1] at 38-39.

Defendant then filed its Reply, stating that the fully executed ICA was valid and enforceable and that the matter should be arbitrated in the Turks and Caicos Islands. ECF No. [19] at 7, 9.

## II. LEGAL STANDARD

### A. Forum-Selection Clauses

When analyzing the application of a forum selection clause, courts must determine (1) whether the clause is valid; (2) whether the claim at issue falls within the scope of the clause by looking at the language of the clause itself; and (3) whether the clause is mandatory or permissive. *See Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340 (11th Cir. 2012) ("To determine if a claim falls within the scope of a clause, we look to the language of the clause."); *see also Fla. Polk Cnty. v. Prison Health Servs. Inc.*, 170 F.3d 1081, 1083 (11th Cir. 1999) (explaining that courts must further determine whether clause is mandatory or permissive). Once those prongs have been established, the forum-selection clause can be deemed as valid and enforceable.

### B. *Forum Non Conveniens*

Generally, in order to obtain a dismissal for *forum non conveniens*, "[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative

4

forum without undue inconvenience or prejudice." *GDQ Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) (quoting *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir. 2001)) (alteration in original). The public factors include:

> [1] [T]he administrative difficulties flowing from court congestion; [2] the "local interest in having localized controversies decided at home"; [3] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; [4] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty.

*Turner v. Costa Crociere S.P.A.*, 488 F. Supp. 3d 1240, 1254 (S.D. Fla. Sept. 10, 2020) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The private factors include:

> [1] [R]elative ease of access to sources of proof; [2] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; [3] possibility of view of premises, if view would be appropriate to the action; and [4] all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1338 (11th Cir. 2020).

In considering a motion to dismiss for *forum non conveniens*, courts must accept the facts in a plaintiff's complaint as true, "to the extent they are uncontroverted by the defendants' affidavits." *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000) (quoting *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990)). A court may consider matters outside the pleadings if the defendant provides "enough information to enable the [d]istrict [c]ourt to balance the parties' interests" in ruling on a motion to dismiss for *forum non conveniens*. *See Piper Aircraft*, 454 U.S. at 258; *see also Grp. CG Builders & Contractors v. Cahaba Disaster Recovery, LLC*, 534 F. App'x 826, 829-30 (11th Cir. 2013) (holding that district court did not err in considering affidavit in ruling on a motion to dismiss for *forum non conveniens*).

When a valid forum-selection clause exists, however, the district court must adjust the *forum non conveniens* analysis in three ways. *See Alt. Marine Constr. Co.*, 571 U.S. at 63. First, the plaintiff's choice of forum merits no weight. *Id.* The plaintiff, defying the forum-selection clause, now bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Id.* This removes *GDQ Acquisitions*' third prong (the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice) because a plaintiff effectively exercised its "venue privilege" prior to the dispute. *Id.*; *see also GDQ Acquisitions, LLC*, 729 F.3d at 1028. Second, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine Constr. Co.*, 571 U.S. at 64. Thus, the Court considers only the public factors in *GDQ's* second prong since the parties waived their right to challenge the preselected forum as inconvenient. *See id.* (finding that any inconvenience of the parties was "clearly foreseeable at the time of contracting"); *see also GDQ Acquisitions, LLC*, 729 F.3d at 1028. Third, "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." *Atl. Marine Constr. Co.*, 571 U.S. at 65-66.

As such, when presented with a valid forum-selection clause, the district courts must apply the Supreme Court's modified *forum non conveniens* analysis: courts must assess (1) whether an adequate alternative forum is available and (2) whether the public factors weigh in favor of dismissal. *Id.* at 63-65; *see also GDQ Acquisitions, LLC*, 749 F.3d at 1028.

The Supreme Court has held that the existence of a forum-selection clause is essentially dispositive in the *forum non conveniens* analysis. *See Atl. Marine Constr. Co.*, 571 U.S. at 62; *see also GDG Acquisitions, LLC*, 749 F.3d at 1028 ("an enforceable forum-selection clause carries near-determinative weight" in the *forum non conveniens* analysis). The Supreme Court's

determination that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases" stems in part from the recognition that these clauses represent the parties' *ab initio* agreement as to the most proper forum. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1907)).

Once established, the existence of a valid forum-selection clause governing the claims at issue shifts the burden from the party seeking dismissal to the non-movant to establish that dismissal is improper. *See Atl. Marine Constr. Co.*, 571 U.S. at 63; *see also Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 562 (11th Cir. 2016); *Pappas v. Kerzner Int'l Bah. Ltd.*, 585 F. App'x 962, 967 (11th Cir. 2014).

In a case where the forum is in a foreign jurisdiction, a dismissal without prejudice, not transfer, is warranted because no federal statute empowers a district court to transfer a civil action originally filed in federal court to a state court. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to *any other district or division* where it might have been brought or to *any district or division* to which all parties have consented.") (emphasis added).

### III.   DISCUSSION

Defendant argues that the Court should dismiss Plaintiff's Complaint because the parties' valid forum-selection clause mandates that the action be adjudicated in the Turks and Caicos Islands. ECF No. [14] at 13. Plaintiff responds that Defendant has not met the heavy burden of showing a valid and enforceable maritime service contract, an available and adequate alternative forum, or that the balance of interests favors a dismissal. ECF No. [16] at 1. Plaintiff claims that

the forum-selection clause does not apply because he submitted an "unseaworthiness" claim which is governed by the unseaworthiness doctrine. *Id.* at 6.

At the outset, the Court notes it may properly analyze the fully executed ICA because, "unlike a motion to dismiss for failure to state a claim, courts may 'consider matters outside the pleadings' in ruling on a motion to dismiss based on *forum non conveniens*." *Usme v. CMI Leisure Mgmt., Inc.*, No. 21-21191, 2022 WL 910336, at *3 (S.D. Fla. Mar. 29, 2022) (citation omitted). Accordingly, the Court may consider the ICA in ruling on the Motion. *See id.* at *4 (quoting *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (holding that on a motion to dismiss for improper venue, "[t]he court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper.")).

Plaintiff's objection to the originally attached ICA, ECF No. [14-1] at 5-12, was narrowly focused on Defendant's failure to show that Plaintiff conceded and signed the ICA, the date and location it was signed it, the identity or title of Caribbean Staffing Solutions personnel to the agreement, and the signature of their personnel. ECF No. [16] ¶ 10. Defendant then addressed the sole basis of Plaintiff's objection by providing the fully executed ICA in its Reply. *See* ECF No. [19]; ECF No. [19-1] at 25-43. Because Plaintiff does not challenge the authenticity of the ICA, the Court proceeds to analyze its validity.

i. **Validity of the Forum-Selection Clause**

Defendant argues that the ICA should be enforced because it contains a valid forum-selection clause. *See* ECF No. [14] at 9-13. Plaintiff responds that the ICA presented by the Defendant is invalid and unenforceable because it does not show that it was signed by Plaintiff, the date and location of where it was signed, that Plaintiff conceded to any part of the contract, the

8

identity or title of the Caribbean Staffing Solutions personnel to the agreement, or the personnel's signature. ECF No. [16-1] at 1-2. Plaintiff further states that the ICA was not in effect while he was working at the *MV Celebrity Beyond* in 2022. *Id.* at 2-3. Defendant attached to its Reply the fully executed ICA signed by Plaintiff and Caribbean Staffing Solutions. *See* ECF No. [17-2]; ECF No. [19-1].

A review of the ICA reveals that Plaintiff fully executed the ICA in Houston, Texas, confirmed through the software DocuSign, and whose signature was witnessed by Keren Andino. ECF No. [17-2] at 17; ECF No. [19-1] at 41. The documents also include the signature of Paul Bielby, VP of sales for Caribbean Staffing Solutions, witnessed by Sue Miller. ECF No. [17-2] at 17; ECF No. [19-1] at 41. Defendant provided the fully executed ICA agreement, which Plaintiff has not negated, demonstrating that Plaintiff signed the ICA on March 14, 2021. ECF No. [17-2] at 17; ECF No. [19-1] at 41.

Plaintiff's second argument is that the 2021 ICA was not in effect because Plaintiff had "concluded his service on the ship since the purported March 14, 2021 ICA was in effect," and never executed another ICA when he joined the *MV Celebrity Beyond* on March 2022. ECF No. [16] at 2. Plaintiff states that, upon the commencement of Plaintiff's employment upon Celebrity Cruise Line's *MV Celebrity Beyond* ship, he did not execute another ICA, Seafarers Employment Agreement ("SEA") or Collective Bargaining Agreement ("CBA") with any of the parties involved. *See* Decl. of Christian Oliver Gonzalez ¶¶ 19, 20, ECF No. [16-1] at 3. Defendant, however, states that a new ICA was not necessary because the March 2021 Agreement, "by its terms, continued to govern Plaintiff's employment." ECF No. [19] at 3.

Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances.

9

*Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991)). Furthermore, a forum-selection clause will be invalidated when: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281.

Here, Plaintiff fails to make the requisite showing that the forum-selection clause is invalid. *See* ECF No. [16]. Plaintiff does not allege that the forum-selection clause was the product of fraudulent inducement or was improperly included in the ICA to deprive him of some right or ability. Moreover, once Defendant submitted the fully executed ICA, Plaintiff has not disputed its authenticity. *See* ECF No. [17-2]; ECF No. [19-1]. As such, Plaintiff has failed to satisfy his burden of presenting any "extraordinary circumstances" preventing the clause's application. *Atl. Marine Constr. Co.*, 571 U.S. at 62.

Additionally, under § 4(A) of the March 2021 ICA, the Agreement "shall automatically renew from voyage-to-voyage unless terminated" by a list of factors described. ECF No. [17-2] at 5; ECF No. [19-1] at 29. The factors listed include death of the IC, disability of the IC, termination of IC's services by the Company for cause, termination of IC's services by notice of nonrenewal, and termination for "compassionate reasons." ECF No. [17-2] at 5-6; ECF No. [19-1] at 29-30. Plaintiff does not allege nor provide evidence that any of the five listed reasons are applicable, and, per the Phillips Declaration, Caribbean Staffing Solutions confirms that the ICA was not terminated and was in effect while Plaintiff served as an Art Steward aboard Defendant's *MV Celebrity Beyond*. ECF No. [19-1] ¶ 7. Further, § 5 of the ICA, which provides for renewal of the Agreement, states that the Agreement, "if not terminated in accordance with section 4 above, shall

continue to automatically renew for successive one-voyage terms." ECF No. [17-2] at 7; ECF No. [19-1] at 31. Therefore, the forum-selection clause is valid because the ICA was in effect at the time of the injury.

### ii. Scope of the Forum-Selection Clause

Next, the Court determines whether Plaintiff's unseaworthiness claim is within the scope of the forum-selection clause. *See Emerald Grande, Inc. v. Junkin*, 334 F. App'x 973, 975-76 (11th Cir. 2009) (analyzing whether a valid forum selection clause applied to the suit and, if it did, whether it allowed defendant to remove the action). Defendant argues that Plaintiff's claim is within the scope of the forum-selection clause because the ICA's plain language "unambiguously require[s] that '[a]ny controversy, claim, or dispute arising out of, or relating to, this Agreement, or arising out of IC's service on any cruise line, including claims against the Company, TPAF, any cruise line, or all' shall be resolved by arbitration in Turks and Caicos Islands." ECF No. [14] at 8-9. Plaintiff responds that he is not restricted to any ICA or contractual forum because the claim is rooted in his service as a "Seaman" aboard Defendant's *MV Celebrity Beyond*. ECF No. [16] at 2. Further, the ICA is completely devoid of any language that explicitly encompasses any claims against a "shipowner" or "vessel owner," and so, his claim is governed by the unseaworthiness doctrine. ECF No. [16] at 2-3, 6. The Court must, therefore, determine whether Plaintiff's claims fall under the plain language of the ICA.

Under general contract principles, the "plain meaning" of a contract's language governs its interpretation. *Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1307 (11th Cir. 2008). "To determine if a forum-selection clause encompasses a particular type of claim, we look to its language." *HNA LH OD, LLC*, 2021 WL 4459404, at *6 (citing *Slater v. Energy Servs. Grp. Int'l, Inc.*, 643 F.3d 1326, 1330 (11th Cir. 2011)).

The ICA states that "[a]ny controversy, claim, or dispute" that arises "out of IC's service on any cruise line . . . shall be settled by arbitration" in the Turks and Caicos Islands. ECF No. [17-2] at 14; ECF No. [19-1] at 38. Under the ICA's plain language, any claim that arises from an IC's services on any cruise line must be settled by arbitration in the Turks and Caicos Islands because Plaintiff's claim is based on an injury that arose from his assigned tasks and services on the cruise line, namely that Plaintiff was cleaning the areas and transporting heavy items. ECF No. [1] ¶ 31. As such, Plaintiff's unseaworthiness claim falls within the scope of the ICA's forum-selection clause.

Plaintiff asserts that because this is an "admiralty and maritime cause of action arising under the General Maritime Laws of the United States and the Merchant Marine Act of 1920[,]" also known as the Jones Act, an "unseaworthiness" claim allows the Court to deny Defendant's Motion because this action is "well-established [under] U.S. general maritime law." ECF No. [1] ¶ 1; ECF No. [16] at 2-3. Plaintiff, however, has not cited any authority to suggest the position that a "seaman" status invalidates a forum-selection clause. On the contrary, in causes of action alleged under the Jones Act, courts have previously declined to adopt a finding that the Jones Act prohibits a seaman "who is a foreign national residing outside the United States from being bound by a contract provision mandating a specific foreign forum for disputes under the contract." *Durkovic v. Park West Galleries, Inc.*, 217 So. 3d 159, 160 (Fla. 3d DCA 2017); *see also Ramirez v. NCL (Bahamas), Ltd.*, 991 F. Supp. 2d 1187, 1194 (S.D. Fla. 2013) (in cause of action alleged under the Jones Act, the court enforced the arbitration agreement and also held that "the parties' forum-selection and choice-of-law provisions [were] enforceable").

Accordingly, Plaintiff draws a distinction without a difference. This case arises out of the Jones Act and the ICA allows for the parties "to arbitrate any claim arising under the Jones Act in

accordance with, and consistent with, the laws of the court of the United States in any arbitration pursuant to this section of the agreement." ECF No. [17-2] at 15; ECF No. [19-1] at 39. Thus, bringing a maritime suit as a "Seafarer" against Defendant as a "shipowner" or "vessel owner" comes within the scope of the ICA because its plain language includes claims arising under the Jones Act.

### iii. Whether the Forum-Selection Clause is Mandatory or Permissive

After determining that the forum-selection clause is valid and applies to Plaintiff's claims, the Court assesses whether the agreed-upon jurisdiction in the forum-selection clause is mandatory or permissive. *See generally Emerald Grande Inc.*, 334 F. App'x at 976.

The Eleventh Circuit classifies forum-selection clauses as either "permissive" or "mandatory." *Slater*, 634 F.3d at 1330. A permissive clause authorizes jurisdiction to a designated forum but does not prohibit litigation in other forums. *Id.* Meanwhile, a mandatory clause "dictates an exclusive forum for litigation under the contract." *Id.* (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 (11th Cir. 1999). The Eleventh Circuit explained that a contract "require[s] quite specific language before concluding that a forum-selection clause is mandatory, such that it dictates an exclusive forum for litigation under the contract." *Snapper*, 171 F.3d at 1262.

The forum-selection clause at issue states that "[a]ny controversy, claim, or dispute arising out of, or relating to, this Agreement, or arising out of IC's service on any cruise line . . . *shall* be settled by arbitration administered by the arbitrator[.]" ECF No. [17-2] at 14; ECF No. [19-1] at 38 (emphasis added). The clause further specifies that "[t]he arbitrator shall be an arbitrator . . . in the Turks and Caicos Islands" and "*shall* be held in Providenciales, Turks and Caicos Islands" and governed by their law. ECF No. [17-2] at 15; ECF No. [19-1] at 39 (emphasis added). Based on a plain reading of this clause, the Court concludes that the forum designation is mandatory, not

13

permissive, as indicated by the word "shall," which has been recognized to be one of requirement. *Snapper*, 171 F.3d at 1272. Under the plain meaning of the ICA, any claim within the scope of the ICA's forum-selection clause must be arbitrated in the Turks and Caicos Islands.

Therefore, because the ICA was fully executed by Plaintiff, does not expire until terminated, contains a specialized section for Jones Act claims, and the forum-selection clause is mandatory, the Court finds the forum selection clause to be valid and enforceable. Next, the Court proceeds to conduct a *forum non conveniens* analysis.

### iv. *Forum Non Conveniens*

District courts must apply the Supreme Court's modified *forum non conveniens* analysis because a valid forum-selection clause has been presented—assessing (1) whether an adequate alternative forum is available, and (2) whether the public factors weigh in favor of dismissal. *See Alt. Marine Constr. Co.*, 571 U.S. at 63-65. The Supreme Court further held that the existence of a forum-selection clause is essentially dispositive in the *forum non conveniens* analysis. *See id.* at 62; *see also GDG Acquisitions, LLC*, 749 F.3d at 1028 ("an enforceable forum-selection clause carries near-determinative weight" in the *forum non conveniens* analysis).

### a. Adequate Alternative Forum

In the Motion, Defendant argues that the Turks and Caicos Islands are an adequate available forum because Plaintiff recognized, acknowledged, and agreed in the ICA that "his claims could be redressed" and that "the Turks and Caicos Islands are competent and utilize proceedings consistent with civilized jurisprudence." ECF No. [14] at 12. Plaintiff does not respond or dispute that the Turks and Caicos Islands provide an adequate alternative forum because he believed that Defendant's ICA was invalid and unenforceable, and thus, the ICA's forum-

selection clause "shared the same fate." ECF No. [16] at 8. Nevertheless, the Court assesses whether the Turks and Caicos Islands provide an adequate alternative forum.

Ordinarily, "[a]n alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009) (citation omitted). An alternative forum is available "when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co.*, 454 U.S. at 254 n.22. While the adequate forum "need not be a perfect forum," it must provide a satisfactory remedy. *Satz v. McDonnel Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001).

Here, the Turks and Caicos Islands are an adequate alternative forum because it provides potential redress, shown in the ICA's language, that the parties "acknowledge that courts of the Turks and Caicos Islands render decisions consistent with the public policy and law of civilized nations." ECF No. [17-2] at 15; ECF No. [19-1] at 39. The Turks and Caicos Islands also provide for litigation of the subject matter of the dispute, noted through the preservation of Plaintiff's maritime claim under the Jones Act and the Maritime Labor Convention. ECF No. [17-2] at 15; ECF No. [19-1] at 39. Further, Florida courts have found that "the courts of the Turks and Caicos Islands are capable of deciding the choice of law issues, determining whether the contractual provisions limiting liability and recovery are operative, and applying the Jones Act, if appropriate." *Durkovic*, 217 So. 3d at 160.  As a result, the Turks and Caicos Islands provide for an adequate alternative forum.

### b. Public Interest Factors

Moreover, the Court determines whether the public interest factors weigh in favor of dismissal. The public interest factors include: the court's administrative difficulties, the local interest in having localized controversies decided at home, the interest in having the trial in a forum

15

governing the action that is at home with the law, the conflicts that may arise with the application of foreign law, and the unfairness of burdening citizens in an unrelated forum with jury duty. *See Piper Aircraft*, 454 U.S. at 241 (listing public interest factors affecting the forum's convenience). Plaintiff has not made an argument, but the Court must still assess and weigh each factor.

### i. Administrative Difficulties

First, the Court considers whether administrative difficulties flowing from court congestion weigh in favor of dismissal. "'[T]he Southern District of Florida has one of the busiest dockets in the country,' weighing in favor of dismissal, [but,] 'this factor generally does not warrant significant consideration in the *forum non conveniens* analysis, and [accordingly] the Court does not accord it much weight.'" *Grape Stars Int'l, Inc. v. nVentive, Inc.*, 20-20634-CIV, 2020 WL 4586123, at *12 (S.D. Fla. Aug. 10, 2020) (quoting *Gordon v. Sandals Resorts Int'l, Ltd.*, 418 F. Supp. 3d 1132, 1142 (S.D. Fla. 2019) (alterations added)). While this aspect holds little weight, it nevertheless favors dismissal.

### ii. Local Interest in the Lawsuit

Second, the Court finds that the local interest in adjudicating this controversy weighs in favor of dismissal. Here, Florida's interest is minimal because the only apparent connection to Florida is the location of Defendant's principal place of business in this state. ECF No. [1] at 1. By contrast, this court has emphasized that a sovereign has "a very strong interest when its citizens are allegedly victims and the injury occurs on home soil." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1104 (11th Cir. 2004); *see also Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1284 (11th Cir. 2001) (holding that Argentina's interest in deciding the dispute was stronger than the United States where all the victims of a plane crash were Argentinean and the plane crashed in Argentina). Thus, the Turks and Caicos Islands have a strong interest

because the claim arose while Plaintiff was performing services under contract with a Turks and Caicos company, Caribbean Staffing Solutions, pursuant to a contract governed by Turks and Caicos Island law. ECF No. [1] ¶ 31; ECF No. [17-2] at 14; ECF No. [19-1] at 38.

As such, the dispute's connection with this forum is attenuated. Therefore, the Court finds that, given the circumstances of this action, the local interest factor tilts in favor of adjudication in the Turks and Caicos Islands.

### iii. Application of Foreign Law

Third, the Court finds that the application of foreign law does not favor either dismissal or non-dismissal. Plaintiff's cause of action arises under the General Maritime Laws of the United States and the Jones Act. ECF No. [1] at ¶ 1. Those are federal laws, thus dissolving any need for foreign law confusion. However, the ICA contains a provision that Jones Act claims will be arbitrated in accordance with and consistent with the laws of United States courts,[4] and Florida courts have found that "the courts of the Turks and Caicos Islands are capable of . . . applying the Jones Act, if appropriate." *Durkovic*, 217 So. 3d at 160. As such, because this claim may competently be heard in either forum, this factor does not weigh in favor either of dismissal or non-dismissal.

Accordingly, the Turks and Caicos Islands provide an adequate available alternative forum to hear the claim. Further, on balance, the public-interest factors weigh in favor of the preselected forum. Therefore, the Court concludes that the modified *forum non conveniens* analysis favors dismissal because federal courts cannot transfer to a state or foreign court. *See* 28 U.S.C. § 1404(a).

---

[4] ECF No. [17-2] at 15; ECF No. [19-1] at 39.

## IV.   CONCLUSION

The Court finds that the *forum non conveniens* factors weigh strongly in favor of dismissal without prejudice. First, the Turks and Caicos Islands are an adequate and available forum. Second, as there exists a valid and enforceable forum-selection clause, the Court must deem the private interest factors weigh in favor of dismissal. Third, the public interest factors weigh in favor of dismissal. Therefore, the balance of the factors strongly weighs in favor of dismissal.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [14]**, is **GRANTED**;

2. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**; and

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record